UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY, TRENTON VICINAGE

| | |
|---|---|
| ANDREW R. PERRONG )<br>1657 The Fairway #131 Jenkintown, PA 19046 )<br> )<br> )<br>**Plaintiff,** )<br>vs. )<br> )<br>CAPITAL COMEBACK, LLC )<br>4400 US HIGHWAY 9 )<br>FREEHOLD, NJ 07728, )<br> )<br>MICHAEL PARKER, )<br>Individually and as Principal of CCB, )<br>26 PARADISE BLVD )<br>TOMS RIVER, NJ 08757, )<br> )<br>ALAN TUNIT )<br>Individually and as Principal of CCB, )<br>3 BRANDYWINE COURT )<br>MANALAPAN, NJ 07726 )<br> )<br>and )<br>DOES 1 through 100, inclusive, )<br> )<br>**Defendants.** )<br> ) | **Civil Action**<br> **No.**_____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of CAPITAL COMEBACK, LLC, ("CCB"), MICHAEL PARKER, and ALAN TUNIT Individually and as Principals of CCB ("PARKER," and "TUNIT,"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system and/or robocalls ("ATDS Calls"),

1

in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I. Introduction

1. Defendant CAPITAL COMEBACK, LLC ("CCB") is a company located and Domestically incorporated in the State of New Jersey. CCB does business under the name "Capital Comeback," and markets debt reduction and refinancing services to individuals throughout Pennsylvania, New Jersey, and other states in the US. Its principal mailing address and address for service of process is located at 4400 US HIGHWAY 9 FREEHOLD, NJ 07728.

2. Plaintiff brings this action to challenge Company's practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which they market their products and services, illegal Calls and text messages made using an automatic telephone dialing system, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in New Jersey's Monmouth County, which lies within this judicial district and vicinage, pursuant to 28 U.S.C. §118. Each of the Defendants has sufficient

minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District.

## Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private cellular telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant CAPITAL COMEBACK, LLC ("CCB") is a company located and Domestically incorporated in the State of New Jersey. CCB does business under the name "Capital Comeback," and markets debt reduction and refinancing services to individuals throughout Pennsylvania, New Jersey, and other states in the US. Its principal mailing address and address for service of process is located at 4400 US HIGHWAY 9 FREEHOLD, NJ 07728.

8. Defendant MICHAEL PARKER ("PARKER") is an adult individual who is the Primary Owner of CCB. PARKER is an adult individual, and citizen of the United States. As Principal of CCB, PARKER is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in New Jersey, Pennsylvania, and nationwide.

9. Defendant ALAN TUNIT ("TUNIT") is an adult individual who is another Managing Member / Principal of CCB. TUNIT is an adult individual, and citizen of the United States. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in New Jersey, Pennsylvania, and nationwide.

10. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued

as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

11. At all times herein mentioned, CCB, PARKER, TUNIT, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

14. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

15. Under the TCPA, an individual such as PARKER or TUNIT may be personally

liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

16.   When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, e.g*., Jackson v. Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

17.   Defendants PARKER and TUNIT are personally liable under the "participation theory" of liability because they are the Principal owners and controlling officers of CCB, knew of Company's violations, and directed employees and/or agents of Company to continue making those violations. Furthermore, PARKER and TUNIT are personally liable because they are personally responsible for ensuring Company's employees' TCPA compliance.

## II.	Factual Allegations

18. In or about April 26th, 2018, Plaintiff received the first of multiple calls and text messages made using an automatic telephone dialing system ("ATDS") by Defendants and/or their agents to Plaintiff's personal cellular telephone number, 215-208-9484, for which he is charged for the call. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

19. This first call, received at 9:45 AM, bore the Caller ID 908-297-9568, and was answered by Plaintiff. Before Plaintiff even said a word, Plaintiff heard a noise and was connected to "Rebecca Corwin," who asked to speak to Plaintiff regarding debt reduction.

20. The fact that the caller ID, when called, leads to a nonworking number, as well as the fact that Plaintiff did not say anything and had the call connected indicates that the call was placed using an Automatic Telephone Dialing System, or ATDS, which exhibits such unusual and odd behavior not typically associated with normal telephone calls.

21. Upon information and belief, Defendants use the Zoho CRM system to interface with their telephone system and cause it to automatically dial calls and associate them with customer records. Furthermore, the Zoho system is advertised by its manufacturer to provide present, actual functionality and capacity that meets the statutory definition of an ATDS.

22. Plaintiff knew that it would not be easy, or potentially impossible, to identify the caller without feigning interest. Accordingly, Plaintiff provided the caller, "Rebecca Corwin," an e-mail address to receive more information. Nowhere during the call did Plaintiff consent to future telephone calls from Defendants.

23. Shortly after Plaintiff disconnected the call, Plaintiff received an e-mail from

Rebecca Corwin (rcorwin@capitalcomeback.com) advertising Company's debt relief services. The e-mail lists Ms. Corwin as a "Debt Advisor" at "CapitalComeback" and lists Company's Freehold, NJ address, as well as another address in Manalapan, NJ.

24. Plaintiff received a number of follow-up e-mails, but did not reply or otherwise engage with Capital Comeback because he had already sufficiently identified the caller.

25. Despite sending no signal to be contacted and rejecting these unwanted advances, Plaintiff received a voicemail on May 1, 2018 at 9:17 AM, from Rebecca, asking Plaintiff to call her to further discuss Company's programs. The missed call and voicemail were from the caller ID 732-702-9272. Plaintiff did not respond to this, indicating a desire not to be contacted.

26. Nevertheless, Plaintiff received another missed call and voicemail on May 8 at 11:32 AM from "Howard," also at Capital Comeback, referencing the previous calls and e-mails from Rebecca, and asked Plaintiff to call him for more information and to discuss. The missed call and voicemail were from the caller ID 732-702-9276. Plaintiff did not respond to this, indicating a desire not to be contacted.

27. In a final, excessive attempt to contact Plaintiff, on May 9 at 6:22 PM, Plaintiff received two telephone calls from 732-702-9271, which he answered each time. However, the line was filled with dead air each time, which indicates the calls were placed using an Automatic Telephone Dialing System. Often such systems, because of their automatic nature, will not properly detect a call answer or transfer the call to an available representative. Because Plaintiff got no response, he disconnected both of these calls.

28. The nature of these calls became clear at 6:24 PM, however, when Plaintiff received a text message from 848-863-9591. This text message read "Hello Andrew this is Rikki from Capital Comeback. I am going to assume we got disconnected by accident. You had spoken with

Rebecca the other day in regards to some business debts you were dealing with. You had requested a call back."

29. The content of this text message is utter nonsense, and is evidence that it is a pre-written and pre-scripted messaged based on the short amount of time it took to send a long message, as well as the odd, boilerplate-like scripted phrasing. Plaintiff was not "disconnected by accident" – he purposefully disconnected the call after it became evident that there was nobody on the line because of the automated nature of the call. Furthermore, Plaintiff had never requested a call back from Capital Comeback – ever.

30. Plaintiff never asked to be contacted again from Capital Comeback, and it is therefore evident that Defendants do not maintain an internal Do-Not-Call list. Furthermore, prior to filing this complaint, Plaintiff requested a copy of Company's Do-Not-Call policy, but never received anything. Based on this fact, it is clear that Defendants do not have any Do-Not-Call policies or procedures in place. Based on the nature of their illegal activities, Defendants' noncompliance with the law in this regard is unsurprising.

31. Plaintiff received the calls on his private cellular telephone, which is, in addition to being a cellular telephone, a telephone for which he is charged for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

32. These facts of rapid callback and text messaging, use of Zoho CRM, dead air in some of those calls, the geographic distance between the Plaintiff and the Defendants, as well as the fact that this call was part of a broad-ranging telemarketing campaign, demonstrate that these calls were made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

33. The TCPA makes it unlawful "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service… or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private cellular telephone line, on which he is charged for the call.

34. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

35. Plaintiff was harmed by the calls and text message. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, it used up his minutes, storage and voicemail space, he wasted energy and stress in answering a call, his telephone batteries were depleted, he was charged for the calls, and his privacy was improperly invaded. Moreover, the calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

36. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of Defendants, as more fully outlined above.

37. These telephone solicitations constituted a total of six (6) "calls" under the TCPA that were not for emergency purposes.

38. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

39. As a point of fact, to the extent that "consent" was supplied during the calls, that was

done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

40. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

41. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

### III. Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

42. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

43. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

45. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

46. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

47. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

48. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

49. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

50. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

53.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

1.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

2.  As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private cellular right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

3.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

4.  As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private cellular right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

5. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

6. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private cellular right of action.

**Eighth Cause of Action**
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

7. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

8. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private cellular right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

**IV.   Prayer for Relief**

On Causes of Action 1-10:

1. For awards of $500 for each negligent violation as set forth in actions 1-12;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-12.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: : **$36,000** (Six counts each of: sales call/text, ATDS call/text, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

## V. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **May 29, 2018**

_/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com